UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:

JAMES E. CASTELLANO,  Chapter 7
 Case No.: 10-62481

                Debtor.

In Re:

CARL VOGEL,  Adv. Pro. No.: 10-80063

                Plaintiff,

vs.

JAMES E. CASTELLANO,

                Defendant.

APPEARANCES:

GETNICK LIVINGSTON ATKINSON & PRIORE LLP    *Nicholas A. Passalacqua, Esq.*
*Attorneys for Plaintiff*    *Patrick G. Radel, Esq.*
258 Genesee Street, Suite 401
Utica, New York 13502

BRIAN J. KELLOGG, ESQ.
*Attorney for Defendant*
901 East Brighton Avenue
Syracuse, New York 13205

Honorable Diane Davis, United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

Plaintiff Carl Vogel ("Vogel") initiated the instant adversary proceeding by filing a Complaint Objecting to Discharge on December 7, 2010 ("Complaint," ECF Adv. No. 1),[1] to obtain an order denying the discharge of James E. Castellano ("Debtor"), pursuant to 11 U.S.C. §

---

[1] Documents filed in the adversary proceeding will be referred to herein as "ECF Adv. No. __." Documents filed in the main bankruptcy case will be referred to herein as "ECF No. __."

727(a)(4)(A),[2] on the ground that Debtor knowingly and fraudulently made several false oaths in connection with documents filed with this Court.  On May 23, 2011, Vogel filed an amended motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, and Local Bankruptcy Rule 7056-1, accompanied by the May 23, 2011 Amended Affirmation of Nicholas A. Passalacqua in Support of Carl W. Vogel's Motion for Summary Judgment ("Passalacqua Affirmation"), a Memorandum of Law in Support of Carl W. Vogel's Motion for Summary Judgment ("Memorandum"), and Carl W. Vogel's Amended Statement of Undisputed Material Facts ("Statement of Undisputed Facts") (collectively, the "Motion," ECF Adv. No. 10).  In response, on June 15, 2011, Debtor filed an Affirmation of Debtor/Defendant's Attorney in Adversary Proceeding ("Kellogg Affirmation," ECF Adv. No. 12), and an Affidavit of Debtor/Defendant in Adversary Proceeding ("Debtor Affidavit," ECF Adv. No. 13), asserting inadequate representation and preparation of his Petition by his bankruptcy counsel, Callanen, Foley & Hobika, LLP (Joseph H. Hobika, Jr., Esq., of counsel), and a lack of fraudulent intent. The Court heard oral argument on the Motion on June 16, 2011.  The matter was taken under submission on that date.

## JURISDICTION

The Court has core jurisdiction over the Complaint under 28 U.S.C. §§ 1334(b) and 157(a) and (b)(1).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

## UNCONTROVERTED FACTS AND PROCEDURAL BACKGROUND

Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 16, 2010, together with the requisite schedules and Statement of Financial Affairs

---

[2]  All further section references herein relate to Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (2010) (the "Bankruptcy Code").

("SOFA") (ECF No. 1, collectively, the "Petition"). Although Debtor signed the Petition, declaring under the penalty of perjury that that he had read the Petition and that the information contained therein was true and correct to the best of his knowledge, he admitted during the course of his initial § 341 meeting of creditors conducted by Trustee Thomas Paul Hughes, Esq. ("Trustee") on October 13, 2010, that his Petition contained inaccurate statements and omissions. (Debtor Aff. ¶ 7.) The Trustee continued the § 341 hearing to allow Debtor to file amended documents. On October 28, 2010, Debtor filed an amended voluntary petition, together with amended schedules and an amended Statement of Financial Affairs ("Amended SOFA") (ECF No. 11, collectively, the "Amended Petition"). The following chart provides a detailed comparison of the Petition and the Amended Petition:

| DOCUMENT | PETITION | AMENDED PETITION |
|---|---|---|
| Voluntary Petition – Estimated Assets | $0 to $50,000 | Amount increased to $50,001 to $100,000 |
| Schedule A, titled "Real Property" | None | Amended to read in pertinent part:<br>2nd Mortgage – Chase Corporation – Short Sale<br>408–410 Palmer Street<br>Fee Simple<br>Current Value = $61,566.00<br>Secured Claim = $8,837.00 |
| Schedule B, titled "Personal Property," ¶ 25 – Automobiles, etc. | Chevrolet Equinox<br>Current Value = $8,000.00 | Current value increased to $10,630.00 |
| Schedule D, titled "Creditors Holding Secured Claims" | Chase Corporation<br>Amount of Claim Without Deducting Value of Collateral = $22,109.00<br>Unsecured Portion = $22,109.00 | Creditor changed to JP Morgan Chase Bank<br>All other information identical |
| Schedule F, titled "Creditors Holding Unsecured Nonpriority Claims" | Creditor No. 6, Legal Item 09/18/2009 Judgment $456,425.14 | Creditor identified as Carl W. Vogel<br>All other information identical |
| Schedule F | Original Creditor No. 7, Chase Corporation<br>Credit Line Secured | Amended Creditor No. 13, Creditor name changed to M&T Bank |

|  | Amount of Claim = $23,824.00 | Amount increased to $24,481.08 All other information identical |
|---|---|---|
| Schedule F | Original Creditor No. 28, Legal Item 03/24/2009 Judgment $3,109.91 | Creditor identified as Wolf Radio, Inc. All other information identical |
| Schedule H, titled "Codebtors" | Blank | Amended to add the following Codebtors/Creditors: 1. Donald C. Tetro/Carl W. Vogel 2. Frank S. Lucenti/Carl W. Vogel and M & T Bank 3. John D. Egger/Carl W. Vogel |
| Summary of Schedules | Schedule A Assets = $0 | Amount increased to $61,566.00 |
| Summary of Schedules | Schedule B Assets = $9,600 | Amount increased to $12,230.00 |
| Summary of Schedules | Total Assets = $9,600.00 | Amount increased to $73,796.00 |
| Summary of Schedules | Total Liabilities = $623,643.14 | Amount decreased to $616,962.90 |
| SOFA, Question 1 – Income from employment or operation of business | None | Amended to read in pertinent part: Year to date: $15,448.75, Source – 92.7 FM Drive Last Year: $14,402.00 Year before: $-218,794.00 |
| SOFA, Question 4(a) – Suits and administrative proceedings, executions, garnishments and attachments | None | Amended to read in pertinent part: 1. Carl W. Vogel v. EDF Services, Inc., Frank S. Lucenti, Donald C. Tetro, Jon D. Egger and James Castellano Judgment [in favor of Plaintiff] in the sum of $456,425.14 2. Wold Radio Inc. v. Smart Marketing Media, Inc., Frank Lucenti, and James Castellano Judgment in [favor of |

| | | |
|---|---|---|
| | | Plaintiff] the sum of $3,109.91<br>3. M & T Bank v. Smart Marketing Media, Inc., Frank Lucenti, and James Castellano Judgment [in favor of Plaintiff] in the sum of $24,481.08 |
| SOFA, Question 10(a) – Other transfers | None | Amended to read in pertinent part:<br>Transferee: John Oberle<br>7/15/09<br>Property: 408–410 Palmer Street, Frankfort, NY<br>Value: $61,566.00 |
| SOFA, Question 18(a) – Nature, location and name of business | Blank | Amended to read in pertinent part:<br>1. EDF Services<br>Furniture Business<br>Apr. 2006 – Feb. 2009<br>2. Smart Marketing Media, Inc.<br>Ad Agency<br>Jan. 2005 – Dec. 2008 |

(Passalacqua Affirmation, Exs. A & B.) On November 24, 2010, the Trustee reconvened, held, and closed the § 341 hearing after examination of Debtor and the Amended Petition. On the present record, there are no material facts in dispute except as to whether Debtor acted with intent to defraud creditors by committing the following acts: (1) failing to initially disclose the transfer via a short sale of real property located at 408–410 Palmer Street (the "Palmer Street Property"); (2) undervaluing personal property; (3) providing incorrect claim amounts; (4) omitting creditors; (5) failing to identify co-debtors; (6) omitting pre-petition employment income; (7) failing to list lawsuits to which he was a party within one year immediately preceding his bankruptcy filing; and/or (8) failing to identify businesses in which he was a partner, officer, or executive in within six years immediately preceding his bankruptcy filing.

## ARGUMENTS

Vogel asserts that because Debtor's Petition contained material false statements and omissions, which Debtor has admitted and for which Debtor has failed to articulate a legally sufficient excuse or justification, Debtor's discharge should be denied pursuant to § 727(a)(4)(A) as a matter of law. (Mem. at 2.) Vogel submits that he has established a *prima facie* case against Debtor under this section. (*Id.* at 4.) At a minimum, Vogel contends that Debtor has exhibited a "reckless indifference to the truth" by either failing to carefully review the Petition prior to filing or by ignoring the fact that it was inaccurate on its face and simply signing the Petition as it was presented to him by his bankruptcy counsel. (*Id.* at 6.) Given the number and nature of the errors and omissions, Vogel asks the Court to infer that Debtor acted with the requisite fraudulent intent to support denial of his discharge. (*Id.* at 7.) In response to Debtor's proffered defense that he relied upon his bankruptcy counsel's advice with respect to what should or should not have been included in the Petition (Debtor Aff. ¶ 6), Vogel argues that Debtor cannot rely upon the advice of counsel defense in this context because Debtor has an independent duty to verify the truthfulness and accuracy of his Petition and all sworn statements submitted to the Court. (Mem. at 8.) Vogel further states that, in this case, it should have been obvious to Debtor that his Petition was replete with falsehoods and deficiencies. (*Id.*) For these reasons, Vogel argues that summary judgment is proper and his Motion should be granted.

Debtor responds to the Motion by shifting blame in the first instance to his bankruptcy counsel. Debtor submits that while he sought full disclosure in his Petition, his inquires regarding certain misstatements and omissions were rebuffed or ignored by his bankruptcy counsel. (Kellogg Affirmation ¶ 9; Debtor Aff. ¶ 6.) Debtor summarily argues that he relied on the advice of his bankruptcy counsel, who did not exercise diligence in handling his case, and,

thus, he did not act with reckless disregard for the veracity of his filings. (*Id.*) Further, Debtor suggests that his filing of the Amended Petition and his § 341 hearing testimony negate any inference of fraudulent intent raised by the Motion. Accordingly, Debtor asks that the Court deny the Motion.

## DISCUSSION

The Complaint sets forth only one cause of action against Debtor under § 727(a)(4)(A), and only one of five elements required to prevail on an objection to discharge under this section is in dispute, thus narrowing the Court's inquiry on the present Motion. Under § 727(a)(4)(A), "the party objecting to discharge must establish by a preponderance of the evidence that: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *Adler v. Ng (In re Adler)*, 395 B.R. 827, 841 (E.D.N.Y. 2008) (quoting *Dubrowsky v. Estate of Perlbinder (In re Dubrowsky)*, 244 B.R. 560, 572 (E.D.N.Y. 2000) (internal quotation marks omitted)). The clear purpose of this section is to provide "a harsh penalty for a debtor who intentionally secrets information from the court, the trustee, and creditors." *Towle v. Hendrix (In re Hendrix)*, 352 B.R. 200, 206 (Bankr. W.D. Mo. 2006).

To prevail on a motion for summary judgment on an underlying § 727(a)(4)(A) claim, the moving party must meet its initial burden to produce evidence showing that there is no genuine dispute as to any material fact probative of these five elements and that it is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); FED. R. BANKR. P. 7056. The party moving for summary judgment always bears the initial burden of proving that there is no genuine issue as to any material fact. *FDIC v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994). Once the moving party

has supported its motion, the burden shifts to the debtor to raise a genuine issue for trial. *Celotex v. Catrett*, 477 U.S. 317, 324 (1986). When ruling on a motion for summary judgment, "the [Court's] function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1985). "The inquiry performed is the threshold inquiry of determining whether there is a need for trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. At the summary judgment stage, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, at 158–59 (1970)).

A debtor's intent is a question of fact. *First Nat'l Bank, Larned v. Davison (In re Davison)*, 2004 Bankr. LEXIS 848, at *8 (B.A.P. 10th Cir. June 29, 2004). This Court observes that several other courts have examined whether summary judgment is appropriate when intent is placed in issue under § 727(a)(4)(A), and their observations merit careful consideration. *See, e.g., In re Adler*, 395 B.R. at 843 ("Although summary judgment may be warranted in certain circumstances even when examining state of mind, courts must be cautious in such cases and, as a result, Section 727(a)(4)(A) disputes regarding intent are generally decided after a trial/evidentiary hearing resolving such factual issues."); *Wisell v. Wisell (In re Wisell)*, 2006 Bankr. LEXIS 4530, at *5–6 (Bankr. D. Vt. Mar. 19, 2006) ("[A]n evidentiary hearing is essential to a sound outcome in any action [sic] seeking a denial of discharge based upon fraudulent intent."); *Cadlerock Joint Venture II, L.P. v. Salinardi (In re Salinardi)*, 304 B.R. 54, 58 (Bankr. D. Conn. 2004) ("[G]iven the extraordinary nature of discharge objections, it is . . . appropriate to apply strict scrutiny to motions for summary judgment filed by plaintiffs in [§

727] proceedings."); *but see, e.g., O'Connell v. DeMartino (In re DeMartino)*, 448 B.R. 122, 128 (Bankr. E.D.N.Y. 2011) (granting summary judgment on plaintiff's § 727(a)(4)(A) claim where "[t]he indicia of fraudulent intent surrounding the Debtor's false statements and omissions [were] manifold and powerful."); *In re Hendrix*, 352 B.R. at 205–06 ("If the movant produces sufficient evidence to support its asserted inference, and the respondent fails to produce significantly probative evidence to counter the inference, disposition by summary judgment may be appropriate even though subjective factors such as motive or intent are the fact issues in question.").

This Court declines to go so far as to adopt a general prohibition against granting summary judgment absent extraordinary circumstances in cases where intent is a necessary element of plaintiff's case. *See In re Wisell*, 2006 Bankr. LEXIS 4530, at *6 ("[A]bsent extraordinary circumstances, the factual determination of whether a debtor's schedules contain fraudulent oaths should not be made without the Court taking the opportunity to assess the credibility of the defendant through live testimony."). The Court, however, finds Chief Judge Dabrowski's commentary, which echoes the concerns raised by the Honorable Colleen A. Brown in *Wisell*, to be particularly instructive in such a case:

> Rare indeed will be the instance where the Court can adjudge with confidence, on a 'paper' record alone, that a debtor engaged in discharge-disqualifying conduct with the statutorily level of scienter and intention. Pivotal factual issues involved in discharge proceedings often turn on the credibility of witnesses; and an essential tool in the Court's assessment of credibility is its observation of the demeanor of such witnesses. Such observation is, of course, impossible in the context of a summary judgment matter.

*In re Salinardi*, 304 B.R. at 58.

In the instant case, Vogel correctly asserts that a pattern of misstatements or omissions may give rise to an inference of intent to deceive. *See, e.g., Vasiliades v. Dwyer*, 2006 U.S. Dist.

LEXIS 35317, *16 (D. Mass. May 23, 2006) (citing *In re MacDonald*, 50 B.R. 255, 259 (Bankr. D. Mass. 1985)); *In re Mick*, 310 B.R. 255, 261 (D. Vt. 2004) (citing *Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992)). Further, a "'reckless indifference to the truth . . . has consistently been treated as the functional equivalent of fraud for purposes of § 727(a)(4)(A),'" *Freelife Int'l, LLC v. Butler (In re Butler)*, 377 B.R. 895, 922 (Bankr. D. Utah 2006) (quoting *Boroff v. Tully (In re Tully)*, 81 F.2d 106, 112 (1st Cir. 1987)), which has been defined as utter indifference to whether some representations are true or false, *id.* at 924. However, "[c]laims of honest confusion, a lack of understanding, or reliance on poor legal advice may negate fraudulent intent." *Buckeye Ret. Co., LLC v. Laux*, 2008 U.S. Dist. LEXIS 24364, at *4 (E.D. Tex. Mar. 26, 2008) (citing cases). "Further, taking the opportunity to clear up inconsistencies and omissions may also be considered in determining whether the debtor acted with fraudulent intent." *Id.* (citing cases); *but see, e.g., Vasiliades v. Dwyer*, 2006 U.S. Dist. LEXIS 35317, at *23–26 (Subsequent disclosures do not automatically absolve a debtor of his original false statements where, for example, amendments are filed only after the omitted information has been discovered or revealed by someone other than the debtor.) (citing *In re Whitehead*, 278 B.R. 589, 595 (Bankr. M.D. Fla. 2002)).

While the Petition in this case admittedly contained numerous inaccuracies and omissions, thus giving rise to an inference of fraud, Debtor has asserted an advice of counsel defense that he suggests negates the same. The Court must, however, conclude that this defense must fail as a matter of law in the present case. Because the information sought is so straightforward that it requires no legal explanation for an individual to fully appreciate or comprehend the nature of the inquiry, Debtor cannot disclaim all responsibility for statements that he made under the penalty of perjury. *See, e.g., JPMorgan Chase Bank, N.A. v. Koss (In re*

*Koss)*, 403 B.R. 191, 214 (Bankr. E.D. Mass. 2009) (citing *Baroff v. Tully (In re Tully)*, 818 F.2d 106, 111 (1st Cir. 1987)).[3]

However, having now determined that Debtor must be judged on his own conduct, the Court finds that Debtor has raised a plausible inference that the Petition was prepared in haste in order to avoid a wage garnishment rather than under a calculated plan to obfuscate the truth. (Debtor Aff. ¶¶ 3, 5, & 6.)  This explanation is supported by the fact that certain pieces of information, albeit incomplete, were included in some form in the Petition.  For example, the two judgments against Debtor, together with their respective amounts, that arose out of the pre-petition lawsuits were listed on Debtor's original Schedule F, notwithstanding that the lawsuits themselves were omitted from Debtor's original SOFA.  Similarly, the second mortgage on the Palmer Street Property was listed on Debtor's original Schedule D, notwithstanding that the Palmer Street Property and details of the short sale were omitted from the remainder of the Petition.  Further, because Debtor voluntarily disclosed full and complete information to the Trustee and he immediately filed the Amended Petition, it is reasonable to infer at this stage in the litigation that he has been forthright throughout the bankruptcy process.  Debtor's response to the Motion and these factors show that the element of intent is not wholly uncontroverted.  Focusing only upon Debtor's conduct, and not that of his bankruptcy counsel, the Court concludes that there remains a genuine issue for trial in this adversary proceeding.  Accordingly, Debtor is entitled to a trial where the parties will have a full and fair opportunity to present their evidence, including live testimony, to this Court on the issue of intent and the Court will be able to weigh the credibility of Debtor.

---

[3] Having reviewed Debtor's Answer to the Complaint, which he filed on January 16, 2011 (ECF Adv. No. 4), the Court also notes that Debtor did not raise this defense prior to Vogel's request for summary judgment.

## CONCLUSION

"[S]ummary judgment is inappropriate when a choice must be made between two competing inferences," *In re Davison*, 2004 Bankr. LEXIS 848, at *12 (citing *Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 764 (1st Cir. 1994)), and Debtor in this case has shown that an inference of truthfulness could be drawn from the present record.  Further, given the presumption in bankruptcy jurisprudence in a debtor's favor in discharge proceedings, Debtor should be "afforded the opportunity to present putatively exonerating testimony in person" at trial before this Court.  *In re Salinardi*, 304 B.R. at 58.

Having determined that there remains a genuine issue for trial in this adversary proceeding, it is hereby

ORDERED, that Vogel's Motion is denied.

IT IS SO ORDERED.

Dated at Utica, New York
this 26th day of July 2011

    /s/ Diane Davis_____
DIANE DAVIS
United States Bankruptcy Judge